CHAMPION FIRE KINDLER COMPANY, Respondent, v.
AUGUST RISCHERT, Appellant.

St. Louis Court of Appeals, April 12, 1898.

1. **Instruction.** An instruction should not be given where there is no evidence tending to prove the facts on which said instruction is based.

2. **Corporation:** TIME OF PAYMENT FOR STOCK. Where all the evidence shows that at the time the articles of association were signed it was unanimously agreed that the stock of a corporation should be paid in full, the full amount of subscription would be payable on demand, when there is nothing in the governing statute, the by-laws of the company, or the contract of subscription making the stock payable on calls.

*Appeal from the St. Louis City Circuit Court.*—HON.
HORATIO D. WOOD, Judge.

REVERSED AND REMANDED.

RASSIEUR & BUDER for appellant.

Instruction number 2, given by the court of its own motion, is erroneous because it is not based on the evidence. There was no evidence that the defendant had acquired any information that the patent had not been assigned to the company. This was a material issue in the case in view of the fact that he did attend a meeting held after the commencement of the suit. State v. Tice, 90 Mo. 112; Conway v. R. R., 24 Mo. App. 235; Rose v. Rubeling, 24 Mo. App. 369; Willis v. Stevens, 24 Mo. App. 494; R'y v. McCormick, 57 N. W. Rep. (Iowa) 949. Contracts to take stock in a corporation stand upon the same footing as all other conventional obligations. If induced by fraud they create no obligation, and the injured party has a right to have them

abrogated. Contracts of this description between an individual and the company, so far as misrepresentation or suppression of the truth is concerned, are to be treated as a contract between any two individuals. If one man makes a false statement which misleads another, the way in which that is to be treated affords an example for the way in which a contract is to be treated where a company makes the false statement which misleads the individual. Thompson's Liab. Stockh., sec. 142; Directors v. Kisch, L. R. 2 H. L. 99, 125; McDermott v. Harrison, 9 N. Y. Sup. 184. The court erred in giving instruction 1 and in refusing to give instruction marked "b," because there was no evidence in the record of a call made by the corporation. The levy of a call or assessment is usually the first step in the enforcement of the contract of subscription, and, in the ordinary form of subscription such a levy is a condition precedent to collection. Parks v. Heman, 7 Mo. App. 14; Hannah v. Bank, 67 Mo. 678; Leucke v. Tredway, 45 Mo. App. 507; Bank v. Bank, 107 Mo. 133.

THOMAS G. RUTLEDGE for respondent.

Instruction number 2 is based on the evidence, and did not require the jury to consider facts not in evidence. The instructions are to be considered as a whole. When upon a view of the whole record, it is clearly manifest that the verdict is for the right party, and the only one consistent with the evidence, it will not be reversed, even though an erroneous instruction has been given. R. S. 1889, sec. 2303; Fitzgerald v. Barker, 96 Mo. 661; Foster v. R'y, 115 Mo. 165; Clark v. Cox, 118 Mo. 652; Brandon v. Carter, 119 Mo. 572; Goodwin v. R'y, 53 Mo. App. 9; Vaulx v. Campbell, 8 Mo. 224.

BIGGS, J.—The plaintiff was incorporated on the second day of November, 1895. The proposed business of the corporation was the manufacture and sale of composition fire kindlers, that is devices for kindling fires. The capital stock was $5,000, which was divided into twenty shares of the par value of $250 each. Preliminary to its incorporation, to wit, on the seventeenth of October, 1895, the subscribers for the stock met and executed articles of association, in which were set forth the object of the proposed company, the amount of its capital stock, the number of shares subscribed by each incorporator, and that one half of the amount thus subscribed had been paid, and was then in the hands of the persons named as the first board of directors. The defendant subscribed for two shares of the stock. He paid thereon $52.75 and refused to pay any more. The other shares were paid in full, either in money or property. The present action was commenced before a justice of the peace on the fourth of January, 1896, to recover the balance due on the stock subscribed by defendant.

The defense was that the defendant had been induced to subscribe for the stock by reason of the false and fraudulent representations of the promoters of the company, in that they represented to him that they had constructed for the proposed corporation a machine which had the capacity of making twenty-seven thousand fire kindling brick in ten hours, and that they had secured for the company the letters patent for making the brick, whereas in truth and in fact the machine referred to was worthless for the purpose for which it was made, and that at the time the representations were made the applications for letters patent had not been made; that the promoters had no contract with the owner of the invention for the assignment of

the letters patent when obtained, and that the corporation after it organized failed to secure an assignment thereof or any interest therein.   On a trial in the circuit court the jury found the issues for the plaintiff and returned a verdict for the amount sued for with six per cent interest thereon from the date of the institution of the suit.   The defendant has appealed and complains of the action of the circuit court as to the evidence and instructions.   The defendant complains of the following instruction which was given by the court on its own motion:

"2.   If the jury believe from the evidence that at the time the defendant Rischert, signed the articles of agreement of the plaintiff company, or prior thereto, the promoters of the said corporation represented to defendant that the company was the owner of certain valuable patents under which it was understood the said company should operate its business, and that relying on said representation and believing it to be true, he signed the said articles

<small>INSTRUCTION<br>must be based<br>on evidence.</small>

of agreement, and if you further find that the said patents were not at said time nor thereafter at any time acquired by the said company, then you are to find in favor of the defendant, *unless you find that the defendant, Rischert, after said representation was made acquired information that no actual assignment of said patents had been made to the company, and with such knowledge participated in the meetings of said company and in carrying on its business and promised to pay for said stock.*"

The objection to this instruction is that there is no evidence that the defendant participated in the business meetings of the board of directors of the company after he had acquired information that the letters patent had not been assigned to the company. It is undisputed that at the time of the organization of

the plaintiff no application had been made for a patent by the inventor, and that the patent after it was issued, had never been assigned to the company. There was evidence that the promoters of the corporation represented to the defendant that a patent had been issued; that they had secured it for the benefit of the proposed corporation, and that it would be assigned to the company after its incorporation. There was also evidence that there were meetings of the board of directors held on December 7 and 18, 1895, and on March 14, 1896, and that the defendant attended these meetings and participated in the business, but we can find no substantial evidence in the record tending to prove that the defendant at the time he attended the meetings knew that the patent had not been assigned. The defendant testified that he did not know it, and Gustave Leupold, who represented, as the defendant claimed, that the patent had been assigned, testified that he did not think that the defendant knew it, and the fact that the defendant was on terms of intimacy with the officers of the company, had no tendency, as suggested by counsel, to prove it. This being all the testimony on the question, we are of the opinion that the portion of the instruction in italics ought to have been omitted.

The circuit court refused to instruct as to the alleged false representations concerning the capacity of the machine. The court was of the opinion that the evidence of the defendant tended to prove only an expression of an opinion by the promoters as to what the machine *would do*, which if true would not of itself form the basis of an action or the ground of a defense. The defendant speaks the English language very imperfectly, and it is difficult to arrive at his exact meaning. We have read his testimony carefully and our minds have been led to a conclusion different to

that reached by the learned trial judge.   We gather from the record that Leupold and Grimm, who made the alleged representations, showed the defendant some fire kindling bricks, which they represented had been made by the machine; that they said to him the machine was perfect and complete; that its capacity was twenty-seven thousand bricks in ten hours, and that it would be put in operation within a week.   This evidence we think authorized the inference by the defendant that the machine was finished; that Leupold and Grimm had tested it, and that its capacity had been found to be as stated by them.   On this branch of the case, however, there was some evidence that the defendant participated in the business of the company after he learned that the machine was worthless.   The defendant asked the following instruction, which the court refused:   "The court instructs the jury that under the law and the evidence you can in no event render a verdict for an amount greater than the sum of the two hundred and fifty dollars, less such amount as you may find the said company has received on account of said stock from the defendant, together with interest thereon from January 4, 1896, at six per cent per annum."   The theory of this instruction is that as there had been no call for the balance due on the stock, the recovery could only be for the first instalment.   There is no merit in this, for the reason that all the evidence shows that at the time the articles of association were signed it was unanimously agreed that the stock should be

CORPORATION:
time of payment
for stock.

paid in full.   But if no such resolution had been adopted, the full amount of the subscription would have been payable on demand, as there is nothing in the governing statute, the by-laws of the company, or the contract of subscription making the balance of the stock payable on calls.

2 Thompson on Corp., secs. 1747 and 1748. The defendant objected and excepted to proof of the adoption of the resolution mentioned in the last paragraph upon the ground that the articles of association contained or expressed what was done at the meeting, and that the evidence tended to add to or vary the writing. We can not see the force of this objection. The articles of association do not purport to express all that was done at that meeting. It was competent (although not necessary as we have shown) for the plaintiff to prove that the subscribers agreed that the stock should be paid for in cash. For the errors pointed out the judgment of the circuit court will be reversed and the cause remanded. All concur. Judge BOND in the result.